### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

JEFFREY REBER,

        Plaintiff,

v.                                   Case No:   2:16-cv-324-FtM-99CM

BEST BUY STORES, L.P.,

        Defendant.

_____

### ORDER

Before the Court is Defendant's Motion for Leave to Conduct Jurisdictional Discovery, Stay Plaintiff's Motion for Remand, and Extend the Time for Defendant to Respond to Plaintiff's Motion for Remand, and Incorporated Memorandum of Law (Doc. 13).   Plaintiff responded in opposition.   Doc. 16.   On July 27, 2016, during the preliminary pre-trial conference, the undersigned heard argument from both parties on the motion.   For the reasons stated on the record and below, Defendant's motion is granted in part and denied in part.

On May 2, 2016, Defendant removed this case from the Twentieth Judicial Circuit in and for Collier County, Florida pursuant 28 U.S.C. §§ 1332, 1441 and 1446. Doc. 1 at 1.   Subsequently, Plaintiff filed a motion to remand this case back to state court alleging that Defendant cannot meet its burden of demonstrating that the amount in controversy in this case exceeds $75,000.00.   Doc. 12 at 1-2.   Defendant now requests sixty days to conduct jurisdictional discovery related to the amount in controversy in this case and an extension of time to respond to Plaintiff's Motion for

Remand (Doc. 12).   Doc. 13.   Plaintiff responded that he has provided all of the facts necessary to analyze the amount in controversy, and further discovery is not necessary.   Doc. 16 at 1-2.

During the preliminary pre-trial conference the parties agreed that the amount in controversy with respect to certain categories of damages had been resolved for the most part, and little or no discovery was needed with respect to those categories of damages, e.g. back pay and attorney's fees.   *See* Doc. 16-1.   To the extent there has not been an agreement between the parties, the Court will allow jurisdictional discovery limited solely to the information necessary to for Defendant to meet its burden to establish the amount in controversy.   "When the record does not contain sufficient information for the Court to determine whether diversity jurisdiction exists, it may permit parties to conduct jurisdictional discovery before ruling on the merits of the motion for remand."   *Donovan v. Liberty Mutual Ins. Co.*, No. 6:16-cv-157-Orl-22TBS, 2016 WL 890086, at *2 (M.D. Fla. Mar. 9, 2016) (citing *Bennett v. USA Water Polo, Inc.*, No. 08-23533-CIV, 2009 WL 1089480, at *1 (S.D. Fla. Apr. 21, 2009)).   Accordingly, the Court will allow Defendant up to and including **September 26, 2016** to conduct jurisdictional discovery solely related to the remaining categories of damages relevant to amount in controversy and confirming the damages presented by Plaintiff in his declaration (Doc. 16-1).   Additionally, Defendant shall have up to and including **October 11, 2016** to respond to Plaintiff's motion for remand.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Defendant's Motion for Leave to Conduct Jurisdictional Discovery, Stay Plaintiff's Motion for Remand, and Extend the Time for Defendant to Respond to Plaintiff's Motion for Remand, and Incorporated Memorandum of Law (Doc. 13) is **GRANTED in part and DENIED in part**.

2.      Defendant shall have up to and including **September 26, 2016** to conduct jurisdictional discovery in accordance with the directives set forth in this Order.

3.      Defendant shall have up to and including **October 11, 2016** to respond to Plaintiff's Motion for Remand and Incorporated Memorandum of Law (Doc. 12).

4.      Defendant's Motion to Stay Plaintiff's Motion for Remand is **DENIED as moot.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of July, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record