UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY REBER,

    Plaintiff,

v.                                        Case No:   2:16-cv-324-FtM-38CM

BEST BUY STORES, L.P.,

    Defendant.
_____/

## **ORDER**[1]

This matter comes before the Court on Plaintiff Jeffrey Reber's Motion for Remand (Doc. #12) filed on May 27, 2016. With the Court's permission, Defendant Best Buy Stores, L.P. had up to and including October 11, 2016 to respond to Plaintiff's Motion. *See* (Doc. #21). Defendant Best Buy Stores, L.P. did not elect to respond, and the time to do so has expired. Thus, this Motion is ripe for the Court's review.

### Background

The instant action is one of employment discrimination. Plaintiff was a sales support manager at Best Buy. (Doc. #2 at 2). Plaintiff worked at Best Buy from July 2006 to the beginning of April 2014. (Doc. #2 at 2). At the time of Plaintiff's termination, he was 61 years old. (Doc. #2 at 2). In December 2013, Plaintiff alleged an area manager for Best Buy made discriminatory comments to him, suggesting Plaintiff find employment

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

elsewhere due to his age. (Doc. #2 at 2). Afterwards, Plaintiff received disciplinary action. (Doc. #2 at 2). About a month later, Plaintiff contacted human resources to submit a complaint about the discriminatory remarks and the following disciplinary action. (Doc. #2 at 3). Plaintiff was informed by human resources that the district manager elected to leave the disciplinary action as it stood. (Doc. #2 at 3). Following the complaint, Plaintiff claims he was excluded from certain management activities leading up to his termination. (Doc. #2 at 3). Defendant attributed Plaintiff's termination to performance issues. (Doc. #2 at 3). Plaintiff contends his position was given to an individual significantly younger and more inexperienced. (Doc. #2 at 3).

Plaintiff alleges counts of discrimination and retaliation under the Florida Civil Rights Act ("FCRA") against Defendant. (Doc. #2 at 3-7). Defendant has since responded, denying Plaintiff's claims and asserting multiple affirmative defenses. *See* (Doc. #6). At this stage in the proceedings, Plaintiff has moved to remand to state court, arguing that the amount in controversy is significantly less than $75,000. *See* (Doc. #12).

**Legal Standard**

Determining whether a defendant properly removed a state court action to federal court entails both jurisdictional and procedural considerations. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1194 (11th Cir. 2007). Jurisdictionally, removal is governed by 28 U.S.C. § 1441(a), which provides that a defendant may remove an action to federal court only if the district court has jurisdiction based on diversity of citizenship of the parties or federal question. Procedurally, removal is governed by 28 U.S.C. § 1446, which sets out strict deadlines and consent requirements for proper removal. Courts must construe these removal statutes narrowly, resolving any uncertainties in favor of remand. *See*

*Burns v. Windsor Insur. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The removing party bears the burden of proving that federal jurisdiction exists by a preponderance of the evidence, and the removing party must present facts establishing its right to remove. *See Williams v. Best Buy Co., Inc.* 269 F.3d 1316, 1319 (11th Cir. 2001).

Defendants removed this action on the basis of diversity jurisdiction. This requires that the parties be diverse in citizenship and that the amount in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *see also Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000).

## Discussion

No one disputes that the parties are diverse in citizenship. Instead, the parties dispute whether the amount in controversy requirement has been met. In removing this action, Defendant focused on Plaintiff's annual salary of $69,993.00. (Doc. #1-9 at 3). Defendant contends two years of back pay alone would exceed the $75,000 amount in controversy. (Doc. #1 at 3). In the instant Motion, Plaintiff calculates his back pay from the date of termination through an anticipated trial date. (Doc. #12). His calculation ultimately results in a figure significantly less than $75,000. (Doc. #12 at 3).

Courts typically turn to the complaint to establish the amount in controversy. *McGee v. Sentinel Offender Serv's, LLC*, 719 F.3d 1236, 1241-43 (11th Cir. 2013). If no specific amount of damages are asserted, the removing defendant has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Id.* at 1241. (citation omitted). Courts look to the notice of removal to determine whether defendant has met this burden. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "A removing defendant may rely on its own

3

affidavits, declarations, or other documentation to establish the amount in controversy." *McGee*, 719 F.3d at 1241.

The Notice of Removal states that Plaintiff's annual salary was $69,993.00 at the time of termination in April 2014. (Doc. #1 at 3). Relying on this figure, Defendant concludes back pay over the course of two years would exceed $75,000. (Doc. #1 at 3). As support, Defendant relies on the Declaration of Jane K. Kirshbaum, Senior Corporate Counsel to Best Buy. (Doc. #1-9 at 3). But, the Declaration merely states the grounds for termination and attests to the annual salary being $69,993.00. *See* (Doc. #1-9).

Using a projected trial date of May 2, 2018, Plaintiff contends his additional back pay claim is, at most, **$27,673.68**.[2] (Doc. #12 at 3). In a suit alleging wrongful termination, "a successful plaintiff receives back pay from the date of his or her termination to the date of trial." *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1347 (11th Cir. 2000). Following jurisdictional discovery, Plaintiff arrives at this figure by appropriately mitigating his damages. (Doc. #12 at 4); s*ee EEOC v. Massey Yardley Chrysler Plymouth, Inc.*, 117 F.3d 1244, 1251 (11th Cir. 1997) (where injured employees possess a "duty to mitigate damages by being reasonably diligent in seeking substantially equivalent employment"). At this point in the juncture, Defendant has not responded in opposition to such figure. The Court will therefore adopt Plaintiff's calculation as the total amount in controversy set forth and note that such figure falls far beneath the $75,000 mark. By failing to illustrate that the amount in controversy exceeds $75,000, Defendant failed to meet its burden of

---

[2] In the instant Motion, Plaintiff mislabels his heading as "A. Back Pay Claim is at most $27,673.78," and later states, "assuming an estimated trial date of May 2, 2018, Plaintiff's back pay damages are, at most, approximately $27,673.78." *See* (Doc. #12 at 3). The Court will note that Plaintiff actually asserts a back pay claim amounting to $27,673.68. *Cf.* (Doc. #12 at 4).

proving that removal of this action was proper. Therefore, the Court finds this action must be remanded back to the Florida state court.

Plaintiff suggests another method with which to calculate back pay— alternatively, calculating back pay through the time of removal. (Doc. #12 at 4-5). While this Court elected to use the amount of back pay calculated through the anticipated date of trial, it will note that the amount of back pay calculated through the time of removal would also produce a sum not exceeding $75,000. (Doc. #12 at 4-5).

Plaintiff's Complaint includes additional claims for front pay, compensatory damages, punitive damages, and attorney's fees— none of which the Notice of Removal addresses. *See* (Doc. #1); (Doc. #2). As such, the Court declines to assign speculative figures to the aforementioned claims. *See Moreland v. Suntrust Bank*, 981 F. Supp. 2d 1210, 1213 (M.D. Fla. 2013) (where the Court declined to award speculative amounts and determined that attorney's fees generally counted "towards the amount in controversy only if they are allowed for by statute or contract").

Accordingly, it is now

**ORDERED:**

1. Plaintiff Jeffrey Reber's Motion for Remand (Doc. #12) is **GRANTED**.

2. The Clerk is directed to **REMAND** the case to the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

3. The Clerk is further **DIRECTED** to terminate all pending motions, deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of October, 2016.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record